In the Matter of PATRICK J. RADIGAN et al., Respondents, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Appellants.

Argued June 2, 1952; decided July 15, 1952.

*Alvin McKinley Sylvester* and *John L. Murphy* for appellants. I. Under all the circumstances, the finding that petitioners had ceased to conduct a bona fide restaurant was sustained by substantial evidence and should be confirmed. (*Matter of Fiore* v. *O'Connell,* 297 N. Y. 260; *Matter of College Pt. Wine & Liquors* v. *O'Connell,* 296 N. Y. 752; *Matter of Restaurants .Patisseries Longchamps* v. *O'Connell,* 271 App. Div. 684, 296 N. Y. 888; *Matter of Berger* v. *Quinn,* 149 Misc. 545; *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150; *Matter of 54 Cafe & Restaurant* v. *O'Connell,* 274 App. Div. 428, 298 N. Y. 883; *Matter of Milstein* v. *O'Connell,* 278 App. Div. 684; *Matter of 59 Restaurant* v. *O'Connell,* 274 App. Div. 1052; *Matter of Lipra Restaurant Corp.* v. *O'Connell,* 274 App. Div. 982.) II. Ceasing to conduct a bona fide restaurant is one of the causes for which a license may be revoked. A statement to that effect was prepared by the Authority and delivered to licensees in accordance with section 114 of the Alcoholic Beverage Control Law. III. The evidence overwhelmingly established that respondents had ceased to conduct a bona fide restaurant upon their premises.

In holding to the contrary, the court below ignored the provisions of the Alcoholic Beverage Control Law. (*Matter of 54 Cafe & Restaurant* v. *O'Connell,* 274 App. Div. 428, 298 N. Y. 883.) IV. The charge of a sale of beer to an intoxicated person is clearly supported by the testimony of the investigator as to his physical condition and the statement that in his opinion the man was apparently intoxicated. Respondents have failed to justify their failure to call the person involved, although admittedly he was well known and available as a witness. (*Matter of Ilnicki* v. *O'Connell,* 275 App. Div. 1018.)

*Monroe I. Katcher, II,* for respondents. I. Since the enactment of chapter 605 of the Laws of 1950, '' ceasing to be a bona fide restaurant '' is no longer a violation of the statute; nor have appellants made it the subject of a rule, regulation or code, as required by section 8 of article IV of the State Constitution and sections 102 to 106 of the Executive Law. As a result, appellants, although obliged to prove that '' ceasing to conduct a bona fide restaurant '' was a stated cause for revocation or cancellation of a license before they could predicate disciplinary action against respondents upon such a charge, failed to submit any proof whatsoever in this record that this alleged condition constituted a duly stated cause for cancellation. (*Matter of Colonial Liq. Distributors* v. *O'Connell,* 295 N. Y. 129; *Matter of Glenram Wine & Liq. Corp.* v. *O'Connell,* 295 N. Y. 336; *Matter of Townley* v. *Bruckman,* 168 Misc. 422; *People ex rel. Browdy* v. *McDermiott,* 169 App. Div. 755.) II. Apart from the legal invalidity of the charge, there was no substantial evidence adduced by appellants that respondents had '' ceased '' to conduct a bona fide restaurant on the licensed premises, within the meaning of the law. (*Matter of 54 Cafe & Restaurant* v. *O'Connell,* 274 App. Div. 428, 298 N. Y. 883; *Matter of Playdium, Inc.,* v. *O'Connell,* 276 App. Div. 14, 301 N. Y. 538; *Matter of Oval Bar & Restaurant* v. *Bruckman,* 177 Misc. 244; *Matter of Berger* v. *Quinn,* 149 Misc. 545.)

*Per Curiam.* We agree with the Appellate Division that there is no substantial evidence to support the determination of the State Liquor Authority that the licensee has ceased to conduct a bona fide restaurant in violation of section 118 of

the Alcoholic Beverage Control Law. Under our view of the record, there is substantial evidence to support the determination of the State Liquor Authority that the licensee suffered or permitted the sale of an alcoholic beverage to an intoxicated person in violation of section 65 of the Alcoholic Beverage Control Law (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150). The court may not substitute its judgment for that of the Liquor Authority on a controverted question of fact (*Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256). It is when the circumstances admit of only one inference that the court may decide as a matter of law what inference should be drawn (*Matter of Rumsey Mfg. Co.* [*Corsi*], 296 N. Y. 113; *Matter of Bolani* v. *O'Connell,* 296 N. Y. 871; *Matter of Menick* v. *Bruckman,* 279 N. Y. 795, revg. 255 App. Div. 810).

The order of the Appellate Division should be affirmed insofar as it reverses and annuls the determination of the State Liquor Authority that the licensee has ceased to conduct a bona fide restaurant (Alcoholic Beverage Control Law, § 118), and should be reversed insofar as it annuls the determination of the State Liquor Authority that the licensee suffered or permitted the sale of an alcoholic beverage to an intoxicated person (Alcoholic Beverage Control Law, § 65), and the determination of the State Liquor Authority should be reinstated as to that charge. It is further ordered that the matter be and it hereby is remitted to the State Liquor Authority for the purpose of fixing the penalty, if any, for such single offense.

The order of the Appellate Division should be modified in accordance with the opinion herein, and, as so modified, affirmed.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur; CONWAY, J., not sitting.

Ordered accordingly.