Proceeding under article 78 of the CPLR to review so much of a determination of the respondent State Liquor Authority, dated September 19, 1968, as canceled petitioners’ special on-premises liquor license on the grounds that they had permitted another person to avail himself of the license and had failed to keep and maintain adequate books and records on the licensed premises. Determination annulled, on the law, with costs, insofar as it has been presented for review and Charges 1 and 2 are dismissed. The evidence is not conflicting as to whether petitioners allowed their license to be utilized by another. In our opinion the circumstances admit of only one inference, namely, that the person in question was employed to manage the licensed premises (of. Matter of Radigan v. O’Connell, 304 N. Y. 396, 399). We find no evidence to support an inference to the contrary, as indeed the hearing officer likewise found, after evaluating the testimony (cf. Matter of Rochdale Mall Wines & Liqs. v. State *975 Liq. Auth., 29 A D 2d 647, 648.) Petitioners’ manager admitted that the ledger book was not on the licensed premises when they were inspected on March 6, 1968 and that it was not up to date. However, the uneontroverted testimony indicates that records were kept on the premises which would, if properly entered, constitute adequate books and records. We regard this as substantial compliance with the law, and the direction by respondent Authority’s agent as to how the records should be maintained was in our opinion appropriate (cf. Matter of Radigcm v. O’Connell, 280 App. Div. 92, 97, mod. on other grounds 304 N. Y. 396, supra). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur. [Motion No. 655] Motion 'by petitioners to stay enforcement of respondent Authority’s determination which canceled their special on-premises liquor license, pending the proceeding to review said determination, and for other relief. Motion dismissed as academic. (See decision herewith.) Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.