■ In the Matter of ROBERT H. BARTSCH, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT ARTICLE 1B PENSION FUND et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1B Pension Fund, dated July 28, 1986, which denied the petitioner's application for a line-of-duty accident disability pension, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered April 1, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, the determination under review was not arbitrary or capricious. Rather the determination, which denied the application for a special disability pension resulting from an alleged line-of-duty injury, was supported by credible evidence (see, Matter of Drayson v Board of Trustees, 37 AD2d 378, affd 32 NY2d 852). The determination was based upon a comprehensive and thoughtful review of this matter conducted by the Medical Board, which is comprised of three physicians (see, NY City Charter § 13-323). The medical evidence failed to establish that the petitioner's injuries were sustained in the line of duty, or that

an existing condition was exacerbated by the alleged injury *(see, Matter of Meyer v McGuire,* 64 NY2d 1152). The respondents adopted the opinion of those physicians who found that the petitioner's disability was the result of a preexisting condition. "There being a conflict in the medical evidence, it was solely within the province of the Medical Board and the Trustees to resolve such conflict" *(Matter of Manza v Malcolm,* 44 AD2d 794, 795; *see also, Matter of Thomasson v Valentine,* 263 App Div 334, 336). Since the determination had a rational basis and was not arbitrary, we find no reason to disturb it. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.