■ In the Matter of RICHARD K. WHITTON, Respondent, v JOSEPH SPINNATO et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, dated June 26, 1985, which denied the petitioner's application for a line-of-duty accident disability pension, the appeal, by permission, is from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 28, 1986, which granted the petition to the extent of directing the appellants to reconsider the petitioner's application.

Ordered that the order is reversed, on the law; and it is further,

Adjudged that the determination is confirmed and that the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

Pursuant to the appropriate standard of review, the determination of the administrative agency under review in the present case should be confirmed unless it can be characterized as arbitrary and capricious (Matter of Bartsch v Board of Trustees, 142 AD2d 577). Because we find that the decision to deny the petitioner's application for an accidental disability pension cannot be considered irrational, we conclude that the Supreme Court erred, as a matter of law, in granting the petition to the extent of directing further proceedings.

The petitioner claims that his participation in the emergency response to a motorcycle accident on July 8, 1982, and his observation of the horrible consequences of that accident

as he attempted to aid its victims, caused an intense psychological reaction which resulted in the mental disability from which he continues to suffer. While we recognize that one interpretation of the medical evidence might warrant a finding that the petitioner's experiences of July 8, 1982 precipitated or contributed to his current illness, even if those experiences were not the exclusive cause of his illness *(see, Matter of Tobin v Steisel,* 64 NY2d 254), we cannot conclude that a contrary interpretation of the medical evidence, or a contrary conclusion that the events of July 8, 1982 were in no way causally connected to the petitioner's present condition, would be wholly irrational. " 'There being a conflict on the medical evidence, it was solely within the province of the Medical Board and the Trustees to resolve such conflict' " *(Matter of Bartsch v Board of Trustees, supra,* at 578, quoting from *Matter of Manza v Malcolm,* 44 AD2d 794, 795; *see also, Matter of Thomasson v Valentine,* 263 App Div 334, 336).

The petitioner bore the burden of proving that his experiences on July 8, 1982 in fact precipitated the development of his subsequent mental disease *(see, Matter of Brown v New York City Employees' Retirement Sys.,* 99 AD2d 451; *Matter of Archul v Board of Trustees,* 93 AD2d 716). In light of the evidence that it is difficult, as a medical matter, to determine the cause of the type of mental disease from which the petitioner suffers, we cannot conclude that the Medical Board of the New York City Fire Department Article 1B Pension Fund acted arbitrarily in finding that the petitioner had failed to meet that burden.

Aside from the issue of causation, we also conclude that the events of July 8, 1982 cannot be considered to constitute an "accident". It has been determined for purposes of matters such as the one at issue, that whether or not a job-related injury is accidental hinges on the presence or absence of a "precipitating accidental event" *(Matter of McCambridge v McGuire,* 62 NY2d 563, 568). Examples of such accidental events include an employee's losing balance and falling to the floor *(Matter of McCambridge v McGuire, supra)* or an employee's slipping on wet pavement and falling *(Matter of Knight v McGuire,* 62 NY2d 563). Job-related injuries which arise during the course of employment, but not as a result of some unexpected event, are not accidental *(see, e.g., Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010 [back injury caused when police officer bent over to ticket car]; *Matter of Menna v New York City Employees' Retirement Sys.,* 59 NY2d 696 [back injury caused when employee put tire in trunk of

city vehicle]). In *Matter of Daly v Regan* (97 AD2d 575, *lv denied* 61 NY2d 602), exposure of a firefighter to a heavy blast of smoke was determined to be an event which could not be considered unexpected, in the context of the job of firefighter, so that accidental disability benefits were not available to the firefighter who was disabled as the result of the exposure. Certainly, in the present case, it cannot be considered an "unexpected" occurrence that the petitioner should have been called upon to respond to an auto accident where he observed the human suffering which occurred in the aftermath of that accident.

In conclusion, the petitioner had the burden of proving that the events of July 8, 1982 constituted an "accident" *(see, Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852; *Matter of Daly v Regan, supra; Matter of Finnegan v Regan,* 116 AD2d 878) and he failed to meet that burden. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.