■ In the Matter of CHARLES P. SHEDD, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of New York City Fire Department, Article I-B Pension Fund, dated May 22, 1989, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered January 17, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where, as here, the Board of Trustees of New York City Fire Department, Article I-B Pension Fund (hereinafter the Board of Trustees) denies an application for an accident disability pension by a tie vote based on the procedural practice set forth in *Matter of City of New York v Schoeck* (294 NY 559), a reviewing court may set aside that determination only if it can conclude as a matter of law that the disability was the natural and proximate result of a service-related accident *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Flinn v Aab,* 167 AD2d 507; *Matter of Gehm v Board of Trustees,* 158 AD2d 687; *see also,* Administrative Code of City of New York § 13-353).

Because we find the record in this case to be equivocal with respect to the issue of causation, the petitioner has failed to sustain his burden of proving a causal relation between his line-of-duty accidents and his disabling condition as a matter of law. Thus, the Supreme Court properly dismissed the proceeding.

We also reject the petitioner's contention that the respondent Board of Trustees erred by not conducting an independent investigation as to whether a service-related accident precipitated the development of a latent condition or aggravated a pre-existing condition *(see, Matter of Tobin v Steisel,* 64 NY2d 254). Although the Board of Trustees is not bound by the determination of the medical board on the issue of causation, it may, at its discretion, rely on the medical board's

opinion *(see, Matter of Christian v New York City Employees' Retirement Sys.,* 56 NY2d 841; *Matter of Canfora v Board of Trustees, supra; Matter of Russo v Board of Trustees,* 143 AD2d 674). In the present case there was no indication that the medical board had disregarded the proper rule of causation nor was there evidence that the petitioner's disability stemmed from a latent or pre-existing condition, which was precipitated or aggravated by the line-of-duty accidents and, therefore, the Board of Trustees' reliance on the opinion of the medical board was proper *(cf., Matter of Tobin v Steisel, supra; Matter of Petrella v Board of Trustees,* 141 AD2d 361). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.