In the Matter of JAMES P. CAUSARANO, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE I-B PENSION FUND, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, dated August 30, 1989, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated March 6, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, denied the petitioner's application for accidental benefits in consequence of a tie vote. Accordingly, the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service related accident (Matter of Canfora v Board of Trustees, 60 NY2d 347, 352; see also, Flinn v Aab, 167 AD2d 507; Matter of Gehm v Board of Trustees, 158 AD2d 687; Matter of Quill v Ward, 138 AD2d 305). The petitioner failed to meet his burden of proving that the disabling degenerative lumbar spine ailment was causally related to the line of duty injury sustained on March 28, 1988 (Matter of Christian v New York City Employees' Retirement Sys., 56 NY2d 841; Matter of Drayson v Board of Trustees, 37 AD2d 378, 380, affd 32 NY2d 852). Furthermore, although the petitioner contends in the alternative that his injury may have precipitated the development of a preexisting condition due to a number of line of duty injuries to his lower back from 1975 through 1980 (see, Matter of Tobin v Steisel, 64 NY2d 254; Matter of Russo v Board of Trustees, 143 AD2d 674), there is no competent evidence on the record warranting a conclusion that the petitioner is entitled to greater benefits as a matter of law (see, Matter of Canfora v Board of Trustees, supra; Matter of

*Gehm v Board of Trustees, supra).* Accordingly, the determination of the Board of Trustees denying the petitioner accidental disability benefits must be confirmed. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.