■ In the Matter of SEAN P. EARDLEY, Appellant, v BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination by the respondent Board of Education Retirement System of the City of New York issued in March 1989 which denied the petitioner's application for accident disability retirement, the petitioner appeals from a judgment of the Supreme Court, Kings County (Greenstein, J.), dated April 16, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, employed as a carpenter by the Board of Education of the City of New York, sustained injuries to his back in 1979 and 1983 in line-of-duty accidents. Following the first accident, the petitioner's physician, Dr. Robert Larkins, determined that the petitioner was suffering from "lumbosacral derangement, radioculapathy and paraesthesia". The petitioner did not work for approximately four weeks after this accident. Following the second accident, the petitioner did not return to work. Although Dr. Larkins's diagnosis of the petitioner at this time was the same as his following the first accident, Dr. Larkins also concluded that the petitioner was suffering from a permanent disability. In addition, another physician, Dr. Bing H. Tang, concluded that the petitioner's condition was causally related to the 1983 accident.

The petitioner applied for accident disability retirement but the Board of Education Retirement System of the City of New York (hereinafter the Board) denied his application and offered him ordinary disability retirement. The Board relied on the determinations of its own physicians who stated that the petitioner's disability arose from "degenerative disk disease and osteorarthritic changes" and that it was not traumatic in origin. Thus, the Board concluded that the petitioner's back condition was not a proximate result of the 1983 accident. The petitioner then commenced this proceeding, which was dis-

missed on the merits. On appeal, the petitioner contends that the Board's determination was arbitrary and capricious.

Although there was conflicting evidence as to the cause of the petitioner's condition, the Board was entitled to resolve that conflict and find, based upon sufficient evidence, that there was a lack of causal relationship between the petitioner's condition and the 1983 accident *(see, Matter of Tobin v Steisel,* 64 NY2d 254; *Matter of Carboni v Teachers Retirement Sys.,* 184 AD2d 448; *Matter of Shedd v Board of Trustees,* 177 AD2d 632; *Matter of Russo v Board of Trustees,* 143 AD2d 674).* Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.