■ In the Matter of BEN NICOLOSI, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [603 NYS2d 532] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund dated October 24, 1990, which granted the petitioner an ordinary disability retirement, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated June 17, 1991, which annulled the determination and directed the Board to grant the petitioner an accident disability retirement.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

"When an application claiming accident disability is reviewed, a 6-6 tie vote of the Board results in a denial and the applicant is granted only ordinary disability benefits" *(Caruso*

*v New York City Police Dept. Pension Funds,* 72 NY2d 568, 573; Administrative Code of City of NY § 13-353). The Board's decision can be set aside upon judicial review only if it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *see also, Matter of Gehm v Board of Trustees,* 158 AD2d 687; *Matter of Jones v Board of Trustees,* 123 AD2d 628). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability *(see, Matter of Whitton v Spinnato,* 143 AD2d 274; *see also, Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852).

The record in this case is equivocal with respect to the issue of causation, since it contains numerous medical reports that fail to draw a specific connection between the petitioner's shoulder ailment and the accident that occurred many years earlier. Therefore, the petitioner has failed to sustain his burden of proving a causal relation. Contrary to the petitioner's contention, it is clear that the Board's determination also was not arbitrary or capricious. Rather, the record indicates that the Board made a thoughtful and comprehensive review of all the medical reports and the petitioner's application before making its determination. As reflected by the minutes of the Board meeting on October 23, 1990, the Board specifically based its determination on (1) the lack of evidence regarding the shoulder injury in the initial accident report of December 22, 1983, and the hospital observation reports in the days immediately after the accident, (2) the lack of evidence that the petitioner ever brought his shoulder complaint to anyone's attention until after the Medical Board recommendation of June 15, 1988, that he be denied accidental benefits on the basis of another complaint for throat injuries, and (3) the substantial passage of time between the accident in 1983 and the late 1988 submission of the amended application for disability due to the shoulder ailment *(see, Matter of Scotto v Board of Trustees,* 76 AD2d 774, *affd* 54 NY2d 918; *see also, Matter of Duggan v Ward,* 160 AD2d 532). Thus, the Board's determination had a rational basis in the credible evidence before it, and should not have been annulled. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.