■  In the Matter of MELVILLE F. FLYNN, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT et al., Respondents. [608 NYS2d 305] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article I-B Pension Fund, dated November 14, 1990, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered November 14, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate *(see, Matter of City of New York v Schoeck,* 294 NY 559, 568), "the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service related accident" *(Matter of Causarano v Board of Trustees,* 178 AD2d 474; *see, Matter of Canfora v Board of Trustees,* 60 NY2d 347). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability *(see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). It is only when circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn *(see, Matter of Radigan v O'Connell,* 304 NY 396, 397). Moreover, "[n]ot every line of duty injury will result in an award of accident disability. The injury must be the result of a ' "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" ' " *(Matter of McCambridge v McGuire,* 62 NY2d 563, 567-568, quoting from *Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012).

Applying these most rigorous standards to the facts of the instant matter, we are constrained to agree with the conclusion of the Supreme Court that the petitioner, a courageous

and dedicated firefighter for approximately 30 years, has not established, as a matter of law, that his physical disabilities were the result of line-of-duty accidents. Therefore, the decision of the Board of Trustees denying the petitioner's applications for a line-of-duty accident disability pension was not arbitrary or capricious *(see, Matter of Nicolosi v Board of Trustees, supra; Matter of Bartsch v Board of Trustees,* 142 AD2d 577). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.