■ In the Matter of FRANK J. FITZPATRICK, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT et al., Respondents. [610 NYS2d 857] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated February 16, 1991, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated February 13, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension (see, Matter of City of New York v Schoeck, 294 NY 559), and the Board's decision can be set

aside on judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident *(see, Matter of Flynn v Board of Trustees,* 201 AD2d 730; *see also, Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Canfora v Board of Trustees,* 60 NY2d 347).

Contrary to the petitioner's contention, the determination under review was not arbitrary or capricious; rather, the determination was based upon a comprehensive review of this matter by the Medical Board and the Board of Trustees *(see, Matter of Bartsch v Board of Trustees,* 142 AD2d 577). There was substantial medical evidence that the petitioner's disabling back condition was of nontraumatic origin *(see, Matter of Russo v Board of Trustees,* 143 AD2d 674, 676).

Further, contrary to the petitioner's contention, the record does not indicate that the Board of Trustees failed to consider whether his line of duty injuries precipitated the development of latent injuries, and hence, his disabilities *(cf., Matter of Tobin v Steisel,* 64 NY2d 254). Thus, the petitioner has not met his burden of proving a causal connection, as a matter of law, between a line of duty accident and his disabling condition *(see, Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918; *see also, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.