In the Matter of PETER PETCHONKA, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [612 NYS2d 622] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated November 14, 1990, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered July 28, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

When there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension *(see, Matter of City of New York v Schoeck,* 294 NY 559), and the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident *(see, Matter of Bridgwood v Board of Trustees,* 204 AD2d 629 [decided herewith]; *Matter of Flynn v Board of Trustees,* 201 AD2d 730; *see also, Matter of Causarano v Board of Trustees,* 178 AD2d 474). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between a line of duty accident and the claimed disability *(see, Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012; *see also, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282).

Contrary to the petitioner's contention, he has not met his burden of proving a causal connection, as a matter of law, between a line of duty accident and his disabling condition. Therefore, the Supreme Court properly dismissed the petition *(see, Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918; *see also, Matter of Fitzpatrick v Board of Trustees,* 203 AD2d 460; *Matter of Hodges v Board of Trustees,* 203 AD2d 365). The determination under review was not arbitrary and capricious because the determination was based upon a comprehensive review of this matter by the Medical Board and the Board of Trustees *(see, Matter of Bartsch v*

*Board of Trustees,* 142 AD2d 577), and there was substantial medical evidence that the petitioner's disabling back condition was of nontraumatic origin *(see, Matter of Russo v Board of Trustees,* 143 AD2d 674, 676). Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.