In the Matter of MICHAEL ROMANELLI, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [619 NYS2d 742] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated January 30, 1992, denying the petitioner's application for accident disability retirement benefits pursuant to New York City Administrative Code § 13-353, the appeal is from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated September 22, 1993, which annulled the determination and directed the Board of Trustees to award the petitioner accident disability retirement benefits.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

In March 1990, the petitioner, a member of the New York City Fire Department since November 1981, applied for accident disability retirement benefits due to injuries allegedly sustained while on duty. His application followed a finding by a three-member Medical Board Committee of the New York City Fire Department to the effect that the petitioner had been rendered unfit for any duty based upon neck and back injuries sustained during a line-of-duty accident which occurred on August 14, 1989. Two months after the application was filed a three-member Medical Board of the New York City Fire Department Pension Fund (hereinafter the 1-B Board) (see, New York City Administrative Code § 13-301; formerly § B19-1.0), recommended that the application be denied, upon its finding that the petitioner's disability was related to a non-service connected accident which had occurred approximately six years earlier, "and that the injury of 8/14/89 was of insufficient magnitude to cause [the petitioner's] current disability". At the request of the Board of Trustees the petitioner's application was reconsidered by the same 1-B Board, which had before it several additional medical reports, and the Board adhered to its original, unanimous determination.

In March 1991 the Board of Trustees "remanded" the application to the 1-B Board for further review, along with additional medical records. The 1-B Board deferred its re-evaluation until the petitioner underwent further testing. In June 1991 a three-member Medical Board Committee re-examined the petitioner and determined that, while he suffered from a permanent back disability, he was fit for light duty. After two additional Magnetic Resonance Imaging tests were conducted, the 1-B Board concluded in October 1991 that the petitioner was disabled as the result of injuries unrelated to his fire department duties, and therefore should receive ordinary, but not accident, disability retirement benefits. This finding was reaffirmed by the 1-B Board in January 1992. The Board of Trustees subsequently voted 6-6 on the petitioner's application for accident disability benefits. As is required in the case of a tie vote, the petitioner was retired on an ordinary disability pension *(see, Matter of City of New York v Schoeck,* 294 NY 559). The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the Board of Trustee's determination. The Supreme Court granted the petition, and we reverse.

"It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate *(see, Matter of City of New York v Schoeck,* 294 NY 559, 568), 'the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service related accident' *(Matter of Causarano v Board of Trustees,* 178 AD2d 474; *see, Matter of Canfora v Board of Trustees,* 60 NY2d 347)" *(Matter of Flynn v Board of Trustees,* 201 AD2d 730). On this record, and in light of the conflicting medical evidence, the circumstances admit more than one inference as to the cause of the petitioner's injuries, and therefore the Supreme Court erred in deciding as a matter of law what inference should be drawn *(see, Matter of Flynn v Board of Trustees, supra).* The petitioner having failed to meet his burden of establishing that, as a matter of law, a causal relationship exists between the line-of-duty accident and the claimed disability, his petition is hereby dismissed *(see, Matter of Causarano v Board of Trustees,* 178 AD2d 474, *supra).* Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.