■ In the Matter of FRANCIS P. MASSARI, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [624 NYS2d 240] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated December 2, 1992, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Golden, J.), dated September 21, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner became a firefighter on or about June 18, 1960. On February 1, 1987, he reported sick with a left-shoulder strain which was non-service-related. On February 7, 1987, a Fire Department physician examined the petitioner and determined that he had a shoulder strain, including traumatic bursitis. Subsequently, on February 14, 1987, his left shoulder strain was diagnosed as "resolved", and on February 15, 1987, the petitioner returned to full duty. Between 1987 and 1990, the petitioner was undergoing evaluations for possible heart problems, and was placed on light duty between 1988 and 1991. The petitioner was injured in a service-connected motor

vehicle accident on July 19, 1990, and suffered a "contused shoulder [left joint]", back strain, and neck injury. On October 1, 1991, the Fire Department Medical Board Committee determined that the petitioner could continue on light duty.

The petitioner subsequently applied for a service-connected accident disability retirement and the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board) determined, as a consequence of a tie vote, to grant the petitioner ordinary retirement disability benefits pursuant to *Matter of City of New York v Schoeck* (294 NY 559). The Board relied, in part, upon the opinion of the 1-B Medical Board that the petitioner's disability was not the result of aggravation of a pre-existing condition, and that the accident of July 19, 1990, was not the type of event which could have caused the petitioner's disability. The petitioner then commenced this proceeding, and the Supreme Court determined that he had not sustained his burden of proving that he was entitled to an accident disability retirement as a matter of law.

"It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate *(see, Matter of City of New York v Schoeck,* 294 NY 559, 568), 'the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service related accident' *(Matter of Causarano v Board of Trustees,* 178 AD2d 474; *see, Matter of Canfora v Board of Trustees,* 60 NY2d 347)" *(Matter of Flynn v Board of Trustees,* 201 AD2d 730).

In the case at bar, the petitioner has failed to show that as a matter of law his service-related accident in 1990 naturally and proximately caused his current disability. One doctor's opinion that the petitioner's disability is "causally related to the accident sustained on the 19th of July 1990" does not, as a matter of law, overcome the other evidence that petitioner's disability resulted from his prior non-service-related accident in 1987. There is a plethora of evidence throughout the record indicating that the petitioner's current condition resulted from his 1987 non-service accident.

For example, Dr. DuBowy stated that the injuries were "consistent with an old cortical fracture". Furthermore, Dr. Mendelsohn concurred with a diagnosis made in July 1991 that the petitioner's condition was "consistent with chronic rotator cuff tear". As Dr. Jones explained at a meeting of the

Board on December 2, 1992, the July 1991 diagnosis "suggests that the problem existed more than a year". Reading Dr. Mendelsohn's and Dr. Jones's statements together suggests that the petitioner's disability resulted from the 1987 non-service-related accident. Finally, the Article 1-B Medical Board found that the petitioner's "disability of the left shoulder was not a result of the event of 7/19/90, and that the condition was present in 1987". In the face of this evidence, this Court cannot find that the 1990 service-related accident, as a matter of law, was the natural and proximate cause of the petitioner's disability. Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.