■ In the Matter of THOMAS J. COLEMAN, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT,

ARTICLE 1-B PENSION FUND, et al., Appellants. [638 NYS2d 165]
—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated April 22, 1993, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered August 23, 1994, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

When there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension *(see, Matter of City of New York v Schoeck,* 294 NY 559). The Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident *(see, Matter of Hodges v Board of Trustees,* 203 AD2d 365; *Matter of Flynn v Board of Trustees,* 201 AD2d 730). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability *(see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). It is only when circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn *(see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *see also, Matter of Flynn v Board of Trustees, supra).* Moreover, not every line-of-duty injury will result in an accident disability retirement. The injury must be the result of a " ' "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" ' " *(Matter of McCambridge v McGuire,* 62 NY2d 563, 567-568; *see also, Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012).

Here, there was substantial medical evidence that the petitioner's knee condition was the result of a degenerative condition rather than a traumatic event. Thus, the petitioner has not met his burden of proving a causal connection, as a matter of law, between his line-of-duty injuries and his disabling condition *(see, Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918; *see also, Matter of Nicolosi v Board of Trustees, supra).* Balletta, J. P., Ritter, Altman and Hart, JJ., concur.