■ In the Matter of RAYMOND J. HINE, Appellant, v CARLOS RIVERA, as Commissioner of the New York City Fire Department, et al., Respondents. [641 NYS2d 85] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated March 4, 1993, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated June 17, 1994, as, upon reargument, adhered to its original determination dismissing the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension (*see, Matter of City of New York v Schoeck*, 294 NY 559), and the Board's decision can be set aside on judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident (*see, Matter of Canfora v Board of Trustees*, 60 NY2d 347; *Matter of Flynn v Board of Trustees*, 201 AD2d 730; *Matter of Causarano v Board of Trustees*, 178 AD2d 474). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability (*see, Matter of Nicolosi v Board of Trustees*, 198 AD2d 282).

Contrary to the petitioner's contention, the determination

under review was not arbitrary or capricious; rather, the determination was based upon a comprehensive review of this matter by the Medical Board and the Board of Trustees (*see, Matter of Bartsch v Board of Trustees,* 142 AD2d 577). There was substantial evidence that the petitioner's disabling back condition was of nontraumatic origin (*see, Matter of Russo v Board of Trustees,* 143 AD2d 674, 676; *Matter of Fitzpatrick v Board of Trustees,* 203 AD2d 460, 461). On this record, and in light of the conflicting medical evidence, the circumstances admit more than one inference as to the cause of the petitioner's disability (*see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Flynn v Board of Trustees, supra*). Since the petitioner did not meet his burden of proving, as a matter of law, a causal connection between his service-related accident and his disabling condition, the Supreme Court properly dismissed the petition (*see, Matter of Draves v Board of Trustees,* 203 AD2d 568, 569). O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.