■ In the Matter of GERARD J. CALLAHAN, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, Appellant. [641 NYS2d 389] —In a proceeding to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated December 29, 1993, which denied the petitioner accident disability benefits, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated January 12, 1995, which granted the petition, annulled the determination, and directed that the appellants award the petitioner accident disability retirement benefits retroactive to the date of his service-connected injury.

Ordered that the judgment is reversed, on the law, with costs, the petition is dismissed on the merits, and the determination denying accidental disability retirement is confirmed.

The sole issue on this appeal is whether the petitioner is entitled to greater retirement benefits as a matter of law. Where, as here, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, denies an application for accidental disability benefits as a result of a tie vote, the Board's determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of

a service-related accident (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Shedd v Board of Trustees,* 177 AD2d 632). It is only when the circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn (*see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Flynn v Board of Trustees,* 201 AD2d 730). Moreover, in order for the service-related accident to be considered the natural and proximate cause of the applicant's disability, the accident must have either precipitated the development of a latent condition or aggravated a preexisting condition (*see, Matter of Tobin v Steisel,* 64 NY2d 254, 259).

The medical evidence in this case was equivocal with respect to the issue of causation. Thus, we find that the petitioner has failed to sustain his burden of proving a causal relation between his line-of-duty accidents and his disabling condition as a matter of law. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.