■ In the Matter of THOMAS V. REGAN, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Appellants. [641 NYS2d 863] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, dated January 27, 1994, denying the petitioner's application for accident disability retirement benefits pursuant to Administrative Code of the City of New York § 13-353, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated January 11, 1995, which annulled the determination and directed the appellants to award the petitioner accident disability retirement benefits.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Where, as here, the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund (hereinafter the Board), denies an application for accidental disability benefits as a consequence of a tie vote, the Board's determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related accident (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Callahan v Board of Trustees,* 226 AD2d 628; *Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Shedd v Board of Trustees,* 177 AD2d 632). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between a service-related accident and the subject disability (*see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). It is only when the circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn (*see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Callahan v Board of Trustees, supra; Matter of Flynn v Board of Trustees,* 201 AD2d 730).

Applying these standards to the case at bar, we conclude that the petitioner has not met his burden of proving a causal connection, as a matter of law, between a line-of-duty accident

and his disabling back condition. In light of the conflicting medical evidence in the record, the circumstances admit more than one inference as to the cause of the petitioner's disability, and thus the Supreme Court erred in deciding, as a matter of law, what inference should be drawn (*see, Matter of Romanelli v Board of Trustees,* 210 AD2d 232, 233; *Matter of Bartsch v Board of Trustees,* 142 AD2d 577, 578; *Matter of Scotto v Board of Trustees,* 76 AD2d 774, 776, *affd* 54 NY2d 918). Further, we are not persuaded that the determination under review was arbitrary or capricious (*see, Matter of Petchonka v Board of Trustees,* 204 AD2d 646, 647). Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.