■ In the Matter of BRIAN V. McMURROUGH, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND et al., Respondents. [643 NYS2d 197] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated November 19, 1993, denying the petitioner's application for accident disability retirement benefits pursuant to Administrative Code of City of New York § 13-353, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated November 24, 1994, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well-settled that where, as here, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board), denies an application for accidental disability benefits in consequence of a tie vote, "the Board's decision can be set aside on judicial review only if it can be determined as a matter of law * * * that the [petitioner's] disability was the natural and proximate result of a service related accident" (*Matter of Causarano v Board of Trustees*, 178 AD2d 474; *see also, Matter of Canfora v Board of Trustees*, 60 NY2d 347; *Matter of Flynn v Board of Trustees*, 201 AD2d 730; *Matter of Shedd v Board of Trustees*, 177 AD2d 632).

In the case at bar the petitioner failed to meet his burden of proving that his disabling back and hip condition was causally related to the line of duty injury sustained in January 1991 (*see, Matter of Christian v New York City Employees' Retirement Sys.*, 56 NY2d 841; *Matter of Causarano v Board of Trustees, supra*). There is ample credible evidence in the record to support the conclusion that the petitioner's condition was degenerative in nature and not traumatically induced, despite the opinion of the petitioner's doctor to the contrary (*see, Matter of Massari v Board of Trustees*, 213 AD2d 648). Accordingly, the determination of the Board denying the accidental disabil-

ity retirement benefits must be confirmed (*see, Matter of Canfora v Board of Trustees, supra*). O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.