In the Matter of RICHARD JUNG, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [645 NYS2d 823]

It is well settled that when the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board), denies an application for accidental disability benefits in consequence of a tie vote, the Board's determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related accident (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Coleman v Board of Trustees,* 224 AD2d 522; *Matter of Massari v Board of Trustees,* 213 AD2d 648, 649; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability (*see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). It is only when the circumstances admit but one inference that the court may decide as a matter of law that that inference should be drawn (*see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Flynn v Board of Trustees,* 201 AD2d 730).

Applying these stringent principles to the facts of the case at bar *(see, Matter of Flynn v Board of Trustees, supra),* the petitioner has not established, as a matter of law, a causal connection between his line-of-duty accidents and his disability. In light of the conflicting medical evidence in the record, the cir-

cumstances admit more than one inference as to the cause of the petitioner's disabling condition, and thus the Supreme Court erred in deciding, as a matter of law, which inference should be drawn (*see, Matter of Callahan v Board of Trustees,* 226 AD2d 628; *Matter of Regan v Board of Trustees,* 226 AD2d 731; *Matter of Romanelli v Board of Trustees,* 210 AD2d 232, 233; *Matter of Flynn v Board of Trustees, supra; Matter of Scotto v Board of Trustees,* 76 AD2d 774, 776, *affd* 54 NY2d 918). Further, we are not persuaded that the determination under review was arbitrary or capricious (*see, Matter of Petchonka v Board of Trustees,* 204 AD2d 646, 647). O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.