■ In the Matter of JORGE W. RIVERA, Respondent, v NEW YORK CITY FIRE DEPARTMENT et al., Appellants. [648 NYS2d 641] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated December 29, 1993, which, after a hearing, denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated January 9, 1995, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed.

Where the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, denies an application for accidental disability benefits in consequence of a tie vote, the Board's determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury *(see, Matter of Canfora v Board of Trustees of Police Pension Fund,* 60 NY2d 347; *Matter of Causarano v Board of Trustees of N. Y. City Fire Dept., Art. 1-B Pension Fund,* 178 AD2d 474; *Matter of Shedd v Board of Trustees of N. Y. City Fire Dept., Art. 1-B Pension Fund,* 177 AD2d 632). It is only when the circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn *(see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *see also, Matter of Flynn v Board of Trustees of N. Y. City Fire Dept.,* 201 AD2d 730).

Applying these principles to the facts of the case at bar, the petitioner has failed to establish, as a matter of law, a causal connection between his line-of-duty accidents and his disabling condition. Where, as here, conflicting and equivocal medical

evidence has been presented, more than one inference may be reasonably drawn regarding the cause of disability. Thus, under these circumstances, the Supreme Court erred in annulling the appellants' determination and deciding what inference should be drawn as a matter of law *(see, Matter of Jung v Board of Trustees of N. Y. City Fire Dept., Art. 1-B Pension Fund,* 228 AD2d 681; *Matter of Callahan v Board of Trustees of N. Y. City Fire Dept.,* 226 AD2d 628; *Matter of Regan v Board of Trustees of N. Y. City Fire Dept., Art. 1-B Pension Fund,* 226 AD2d 731; *Matter of Romanelli v Board of Trustees of N. Y. City Fire Dept., Art. 1-B Pension Fund,* 210 AD2d 232, 233; *Matter of Flynn v Board of Trustees of N. Y. City Fire Dept., supra; Matter of Scotto v Board of Trustees of Police Pension Fund,* 76 AD2d 774, 776, *affd* 54 NY2d 918). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.