◼ In the Matter of NICHOLAS PERROTTA, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [648 NYS2d 931] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated March 4, 1993, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered February 7, 1995, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, the record permits adequate judicial review. The 1-B Medical Board carefully reviewed all available evidence, and gave an unequivocal reason for its recommendation that the petitioner's application for accidental disability be denied (*compare, Matter of Curran v McGuire*, 87 AD2d 223; *Matter of Perkins v Board of Trustees*, 59 AD2d 696). Consequently, there is no need to defer a final determination and remit the matter to the Supreme Court.

Turning to the merits of the case, the proof incontrovertibly established a causal connection between the petitioner's line-of-duty injuries and his disability (*see, Matter of Tobin v Steisel*, 64 NY2d 254; *Matter of Canfora v Board of Trustees*, 60 NY2d 347; *Matter of Causarano v Board of Trustees*, 178 AD2d 474;

*Matter of Shedd v Board of Trustees,* 177 AD2d 632). In particular, the record is bereft of any objective medical evidence indicating that the petitioner's disabling knee condition was the result of anything other than his line-of-duty injuries in August 1983 and May 1991 (*see, Matter of Mescall v Board of Trustees,* 204 AD2d 643, 645; *cf., Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852). Under these circumstances, the petitioner's disability was the natural and proximate result of his service-related accidents (*see, Matter of Mescall v Board of Trustees, supra,* at 645; *see also, Matter of Bridgwood v Board of Trustees,* 204 AD2d 629, 630; *compare, Matter of Regan v Board of Trustees,* 226 AD2d 731; *Matter of Callahan v Board of Trustees,* 226 AD2d 628; *Matter of Coleman v Board of Trustees,* 224 AD2d 522). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.