■ In the Matter of CHRIS WESARG, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [668 NYS2d 41] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated November 29, 1995, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), entered January 24, 1997, which confirmed the determination, denied his petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where, as here, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board) is unable to resolve the issue of causation of the disability, resulting in a tie vote, the applicant must be retired on an ordinary disability pension (*see, Matter of Meyer v Board of Trustees,* 90 NY2d 139, 144-145; *Matter of Wolyniec v Board of Trustees,* 232 AD2d 495; *Matter of City of New York v Schoeck,* 294 NY 559). Further, it is well settled that, under such circumstances, the Board's determination can be set aside only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related accident (*see, Matter of Meyer v Board of Trustees, supra,* at 145; *Matter of Wolyniec v Board of Trustees, supra; Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Rivera v New York City Fire Dept.,* 232 AD2d 420; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). The petitioner has the burden of establishing that, as a matter of law, a causal relationship exists between the service-related accident and the claimed disability (*see, Matter of Wolyniec v Board of Trustees, supra; Matter of Nicolosi v Board of Trustees,* 198 AD2d 282; *Matter of Romanelli v Board of Trustees,* 210 AD2d 232, 233). It is only when the circumstances admit of but one inference that the court may decide as a matter of law what inference should be drawn (*see, Matter of Rivera v New York City*

*Fire Dept., supra,* at 420, citing *Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Jung v Board of Trustees,* 228 AD2d 681; *Matter of Flynn v Board of Trustees,* 201 AD2d 730).

Applying these principles to the facts of the instant case, the petitioner has failed to establish, as a matter of law, the existence of a causal connection between his line-of-duty accident and his disabling condition, since the medical evidence with regard to causation was equivocal (*see, Matter of Fagan v Board of Trustees,* 185 AD2d 341; *Matter of Shedd v Board of Trustees,* 177 AD2d 632). In light of the conflicting and equivocal medical evidence presented, the circumstances admit of more than one inference which may be drawn as to the cause of the petitioner's disabling condition, and thus, the Supreme Court did not err in confirming the Board's determination (*cf., Matter of Rivera v New York City Fire Dept., supra; Matter of Jung v Board of Trustees, supra; Matter of Flynn v Board of Trustees, supra*). Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.