■ In the Matter of WILLIAM GUIDAL, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [713 NYS2d 130] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated July 20, 1995, denying the petitioner's application for an accident disability pension and awarding him ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated December 10, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board) denies an application for accidental disability benefits as a consequence of a tie vote, the Board's determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury (*see, Matter of Meyer v Board of Trustees,* 90 NY2d 139, 144-145; *Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Deichler v Board of Trustees,* 257 AD2d 574). If there is any credible evidence that the disability was not caused by service-related injuries, the Board's determination must stand (*see, Matter of Meyer v Board of Trustees, supra*). Only where the circumstances allow but one inference may the court decide as a matter of law what inference should be drawn (*see, Matter of Rivera v New York City Fire Dept.,* 232 AD2d 420; *Matter of Radigan v O'Connell,* 304 NY 396, 397; *Matter of Hodges v Board of Trustees,* 203 AD2d 365).

Applying these principles, the petitioner failed to establish,

as a matter of law, a causal connection between his line-of-duty accidents and his disabling condition since the medical evidence permitted more than one inference to be drawn as to the cause of his disabling condition (*see, Matter of Wesarg v Board of Trustees*, 246 AD2d 601; *Matter of Fagan v Board of Trustees*, 185 AD2d 341). Accordingly, there is no basis to disturb the Board's determination. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.