■ In the Matter of OWEN FARLEY, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND et al., Respondents. [787 NYS2d 76]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of New York City Fire Department, Article 1-B Pension Fund, dated September 27, 2002, which denied the petitioner's application for accidental disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), dated March 27, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where, as here, the respondent Board of Trustees of New York City Fire Department, Article 1-B Pension Fund, denies an application for an accident disability pension by a tie vote, pursuant to *Matter of City of New York v Schoeck* (294 NY 559 [1945]), this Court may set aside that determination only if it can conclude as a matter of law that the petitioner's disability was a natural and proximate result of a service-related accident (*see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II*, 60 NY2d 347 [1983]; *Matter of Guidal v Board of Trustees of N.Y. City Fire Dept., Art 1-B Pension Fund*, 275 AD2d 458 [2000]). If there is any credible evidence that the disability was not caused by service-related injuries, the determination must stand (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139 [1997]). Only where the circumstances allow but one inference may the court decide, as a matter of law, what inference should be drawn (*see Matter of Guidal v*

*Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,
supra).*

In view of the medical evidence presented, we cannot
conclude, as a matter of law, that the petitioner's disability was
a natural and proximate cause of a service-related accident *(see
Matter of Wesarg v Board of Trustees of N.Y. City Fire Dept., Art.
1-B Pension Fund,* 246 AD2d 601 [1998]; *Matter of Fagan v
Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,*
185 AD2d 341 [1992]). Accordingly, there is no basis to disturb
the determination. Ritter, J.P., Goldstein, Smith and Fisher, JJ.,
concur.