■ In the Matter of RICHARD SPIRO, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (William P. McCooe, J.), entered on or about January 9, 1989, which dismissed this petition brought pursuant to CPLR article 78 to annul the determination of respondent the Board of Trustees of the Police Pension Fund, Article II, which denied his application for both accident disability retirement and ordinary disability retirement, unanimously affirmed, without costs.

In denying petitioner's application for disability retirement because of numerous job-related injuries to his lower back, the Board of Trustees adopted the recommendation of the Medical Board, which reaffirmed its earlier decision to deny petitioner's application. The Board of Trustees had remanded the matter to the Medical Board to review supplemental medical reports submitted by petitioner following the Medical Board's earlier decision. The Medical Board reviewed the later reports

from an orthopedic surgeon and radiologist, and determined that the difference between the report of the first and second radiologists was that the first one had found no evidence of any gross stenosis of the spine and that all the foramen appeared normal, while the second found compromise of the neural foramen at L4-5 with some disc bulging and felt there was narrowing of the neural foramen at L5-51. The Medical Board then concluded that there was no new evidence not noted by the previous Board and reaffirmed its previous decision of disapproval.

The Board of Trustees must accept the report of the examining Medical Board concerning the physical qualifications of the petitioner. Whether or not the petitioner is physically disqualified is a scientific question which must be determined by the experts who examine the petitioner. *(Matter of Nemecek v Board of Trustees,* 99 AD2d 954, 955.) When confronted with a conflict of medical opinion, the Board of Trustees is entitled to rely upon the unanimous opinion of the members of the Medical Board. *(Matter of Scotto v Board of Trustees,* 76 AD2d 774, 776.)

Since the Board of Trustees' decision has a rational basis, is based on substantial evidence and is not arbitrary or capricious, there is no justification for disturbing the determination by the Board of Trustees. *(Matter of Paul v Board of Trustees,* 135 AD2d 411, 412.) Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.