■ In the Matter of FREDERICK D. HODGES, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [609 NYS2d 942] — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated August 21, 1991, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated April 16, 1992, which granted the petitioner's application for an accident disability retirement.

Ordered that the judgment is reversed, on the law, with costs, the determination of the Board of Trustees is confirmed, and the proceeding is dismissed on the merits.

It is well settled that when there is a tie vote of the Board of Trustees of the New York City Fire Department in determining whether accident disability retirement is appropriate,

the Board of Trustees must retire the applicant on an ordinary disability pension *(see, Matter of City of New York v Schoeck,* 294 NY 559). The Board's decision can be set aside on judicial review only if the petitioner establishes as a matter of law on the record that the disability was a natural and proximate result of a service-related accident *(see, Matter of Flynn v Board of Trustees,* 201 AD2d 730; *see also, Matter of Causarano v Board of Trustees,* 178 AD2d 474; *Matter of Canfora v Board of Trustees,* 60 NY2d 347), an issue as to which the petitioner has the burden of proof *(see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282). It is only when circumstances admit but one inference that the court may decide as a matter of law what inference should be drawn *(see, Matter of Radigan v O'Connell,* 304 NY 396, 397; *see also, Matter of Flynn v Board of Trustees,* 201 AD2d 730, *supra).* Moreover, not every line-of-duty injury will result in an accident disability retirement. The injury must be the result of a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012; *see also, Matter of McCambridge v McGuire,* 62 NY2d 563, 567-568).

Here, there was substantial medical evidence that the petitioner's knee condition was of arthritic and nontraumatic origin *(see, Matter of Russo v Board of Trustees,* 143 AD2d 674, 676). Thus, the petitioner has not met his burden of proving a causal connection, as a matter of law, between his line-of-duty accident and his disabling condition *(see, Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918; *see also, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282, *supra).*

Therefore, the Supreme Court erred in granting the petitioner an accident disability pension. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.