■ In the Matter of CHRISTOPHER F. DRAVES, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [611 NYS2d 31] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated September 13, 1991, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated May 21, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

When there is a tie vote of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees) in determining whether accident disability retirement is appropriate, the Board of Trustees must retire the applicant on an ordinary disability pension (see, Matter of City of New York v Schoeck, 294 NY 559), and the Board's decision can be set aside only if it can be deter-

mined as a matter of law that the disability was a natural and proximate result of a service-related accident *(see, Matter of Flynn v Board of Trustees,* 201 AD2d 730; *see also, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). The petitioner has the burden of establishing, as a matter of law, that a causal relationship exists between his service-related accident and the claimed disability *(see, Matter of Nicolosi v Board of Trustees,* 198 AD2d 282).

Contrary to the petitioner's contention, the determination under review was not arbitrary or capricious; rather, the determination was based upon a comprehensive review of this matter by the Fire Department, Article 1-B Pension Fund Medical Board and the Board of Trustees *(see, Matter of Bartsch v Board of Trustees,* 142 AD2d 577). There was substantial medical evidence that the petitioner's disabling back condition was of nontraumatic origin *(see, Matter of Russo v Board of Trustees,* 143 AD2d 674, 676). The record does not indicate that the Board of Trustees failed to consider whether his line-of-duty accident precipitated the development of a latent injury, and hence, his disability *(cf., Matter of Tobin v Steisel,* 64 NY2d 254). Since the petitioner did not meet his burden of proving a causal connection between his service-related accident and his disabling condition, the Supreme Court properly dismissed the petition *(see, Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918; *see also, Matter of Fitzpatrick v Board of Trustees,* 203 AD2d 460; *Matter of Hodges v Board of Trustees,* 203 AD2d 365; *Matter of Nicolosi v Board of Trustees,* 198 AD2d 282, *supra).* Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.