■ In the Matter of ROBERT WOLYNIEC, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [648 NYS2d 338] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated October 13, 1994, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), entered April 18, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the finding of the Article 1-B Medical Board that the petitioner was not disabled by an injury to his right knee was supported by competent medical evidence. Accordingly, the Board of Trustees was bound by that determination (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347, 351; *Matter of Spiro v Ward,* 159 AD2d 225, 226; *Matter of Quill v Ward,* 138 AD2d 305, 306).

With regard to the petitioner's back injury, it is well settled that when there is a tie vote of the Board of Trustees in determining whether accident disability retirement is appropriate, the applicant must be retired on an ordinary disability pension (*see, Matter of City of New York v Schoeck,* 294 NY 559; *Matter of Draves v Board of Trustees,* 203 AD2d 568), and the Board of Trustees' decision can be set aside upon judicial review only if it can be determined as a matter of law on the record that the disability was a natural and proximate result of a service-related accident (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347, *supra; Matter of Flynn v Board of Trustees,* 201 AD2d 730; *Matter of Causarano v Board of Trustees,* 178 AD2d 474). A service-related accident is considered the natural and proximate cause of a petitioner's disability if the accident either precipitated the development of a latent condition or aggravated a preexisting condition (*see, Matter of Tobin*

v Steisel, 64 NY2d 254). The petitioner has the burden of establishing that a causal relationship exists between the service-related accident and the claimed disability (see, Matter of Nicolosi v Board of Trustees, 198 AD2d 282; Matter of Draves v Board of Trustees, 203 AD2d 568, 569, supra). As the burden of proof on the issue of causation is on the petitioner, there is no presumption in his favor which the Article 1-B Medical Board must overcome (see, Matter of Archul v Board of Trustees, 93 AD2d 716, 717, affd 60 NY2d 567).

Here, the petitioner failed to offer any medical evidence to support the conclusion that a line-of-duty accident either precipitated the development of his back condition or aggravated it to the point where it became disabling. Accordingly, the petitioner failed to meet his burden and the petition was properly dismissed (see, Matter of Hine v Rivera, 226 AD2d 534; Matter of Draves v Board of Trustees, 203 AD2d 568, supra; Matter of Fagan v Board of Trustees, 185 AD2d 341, 343-344).

Finally, as judicial review of an administrative determination is limited to the record adduced before the agency (see, Matter of Montalbano v Silva, 204 AD2d 457, 458; Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd., 110 AD2d 704), the petitioner's inclusion in his supplemental petition of a medical report which had not been reviewed by the Article 1-B Medical Board was improper. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.