■ In the Matter of FREDERICK SCHWARZROCK, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, by HOWARD SAFIR, et al., Appellants. [656 NYS2d 386] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated April 18, 1995, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeals are (1) from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated January 2, 1996,

which granted the petition, annulled the determination, and remitted the matter to the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund for the limited purpose of determining the amount of the petitioner's accident disability retirement benefits, and (2) as limited by the appellants' brief, from so much of an order of the same court, dated July 26, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, upon reargument, the judgment is vacated, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

Where, as here, the Medical Board of the New York City Fire Department Pension Fund (hereinafter the Medical Board) determines that an applicant is not disabled from performing firefighting duty due to an alleged injury or illness, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund must accept that determination and deny the applicant's claim (see, Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756). Whether an applicant is disabled is a scientific question which must be determined by the experts who examine the applicant (see, Matter of Spiro v Ward, 159 AD2d 225, 226). The Board of Trustees is bound by, and therefore has no authority to overrule, the Medical Board's determination as to whether an applicant is disabled (see, Matter of Canfora v Board of Trustees, 60 NY2d 347, 351; Matter of Wolyniec v Board of Trustees, 232 AD2d 495; Matter of Spiro v Ward, supra, at 226; Matter of Nemecek v Board of Trustees, 99 AD2d 954). Here, the Medical Board's determination that the petitioner had not established that he was permanently disabled under either the Lung Bill (Administrative Code of City of NY § 13-354) or the Heart Bill (General Municipal Law § 207-k) was based on "some credible evidence" (see, Matter of Borenstein v New York City Employees' Retirement Sys., supra, at 760-761). Accordingly, the Supreme Court erred in substituting its own judgment for that of the Medical Board (see, Matter of Borenstein v New York City Employees' Retirement Sys., supra, at 761; Matter of Santoro v Board of Trustees, 217 AD2d 660; Matter of Appleby v Herkommer, 165 AD2d 727, 728).

Moreover, the petitioner failed to meet his burden of

establishing, as a matter of law, that a causal relationship exists between his disabling neck and back conditions and any line-of-duty accident (see, Matter of Draves v Board of Trustees, 203 AD2d 568, 569; Matter of Nicolosi v Board of Trustees, 198 AD2d 282, 283). Where, as here, the medical evidence with respect to causation is equivocal, the burden has not been sustained (see, Matter of Kmiotek v Board of Trustees, 232 AD2d 640; Matter of Fagan v Board of Trustees, 185 AD2d 341; Matter of Shedd v Board of Trustees, 177 AD2d 632; Matter of Gehm v Board of Trustees, 158 AD2d 687). Contrary to the petitioner's conclusory assertion, there was no medical evidence that any line-of-duty accident precipitated or aggravated his neck and back conditions (see, Matter of Tobin v Steisel, 64 NY2d 254; Matter of Kmiotek v Board of Trustees, supra). Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.