■ In the Matter of MARC G. WILLIAMS, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Appellants. [668 NYS2d 490] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, denying the petitioner's application for an accident disability pension and retiring him on ordinary disability, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Kings County (Dowd, J.), dated November 12, 1996, as granted the petition to the extent of annulling the determination that the petitioner's mood disorder was not the natural and proximate result of a service-related accident.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

It is well established that where, as here, the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Board of Trustees), denies an application for accidental disability benefits in consequence of a tie vote, the Board of Trustees' determination can be set aside on judicial review only if it can be concluded as a matter of law that the petitioner's disability was the natural and proximate result of a service-related injury (*see, Matter of Meyer v Board of Trustees,* 90 NY2d 139). As long as there is any evidence of lack of causation before the Board of Trustees, its determination may not be disturbed upon judicial review (*see, Matter of Meyer v Board of Trustees, supra; Matter of Carbone v Board of Trustees,* 242 AD2d 530). In the present case, because there was credible evidence of lack of causation before the Board of Trustees with respect to the petitioner's mood disorder, its

award of ordinary disability benefits should not have been disturbed by the Supreme Court (*see, Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010; *see also, Matter of Schwarzrock v Board of Trustees,* 238 AD2d 596). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.