■ In the Matter of JULIE CIALDELLA, Respondent, v BOARD OF EDUCATION OF COMMUNITY SCHOOL DISTRICT NUMBER 21 OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [676 NYS2d 218] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of Community School District Number 21 of the City School

District of the City of New York, dated June 13, 1995, terminating the petitioner from her employment effective June 21, 1995, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated May 23, 1997, which, *inter alia,* annulled the determination and directed the appellants to reinstate the petitioner with back pay.

Ordered that the judgment is reversed, without costs or disbursements, and that the matter is remitted to the Supreme Court for a hearing in accordance herewith.

The petitioner had a long history of excessive absences from work. The disciplinary charges relating to this misconduct were resolved in a stipulation signed on November 11, 1994. Pursuant to this stipulation, the petitioner agreed that she would enter a "probationary period" lasting two years, during which she could be summarily terminated if she were to be "absent more than twenty-two (22) days without just cause". This stipulation further provided that the question as to whether just cause had been established would be "the determination of the principal of the [petitioner's] school". The stipulation also specified that "medical documentation * * * justifying the absence shall be deemed * * * just cause".

By letter dated June 13, 1995, the petitioner was terminated based on her having been absent on thirty-two days between January 3, 1995, and June 13, 1995. This letter stated that, despite prior requests, the petitioner had failed to provide medical documentation relating to any of the 32 absences specified in the letter. In the ensuing proceeding pursuant to CPLR article 78, the petitioner asserted that she had "always provided medical documentation * * * upon her return to work following an illness". The submissions of the appellants include evidence that the petitioner did not do so.

Under the circumstances outlined above, there is a clear issue of fact as to whether the petitioner did or did not timely produce anything that may properly be characterized as "medical documentation * * * justifying [her] absence[s]" so as to preclude the appellants from exercising their right to terminate her in accordance with the stipulation. The Supreme Court erred in considering medical documentation which, depending on how this issue of fact is ultimately resolved, may never have been presented in a timely fashion to the administrative agency whose determination is under review (*see, e.g., Matter of Wolyniec v Board of Trustees,* 232 AD2d 495, 496; *Matter of Montalbano v Silva,* 204 AD2d 457, 458). The Supreme Court also erred to the extent that it summarily decided that any part of the "medical documentation" annexed to the petition

and amended petition did in fact justify any of the various absences to which such medical documentation referred. A hearing is needed to resolve these and all other issues of fact presented (*see,* CPLR 7804 [h]). Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.