In the Matter of FREDERICK KOPETZ, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Respondents. [680 NYS2d 579] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department Article 1-B Pension Fund, which (1) found the petitioner to be incapable of full duty, (2) denied his application for an accident disability retirement, and (3) retired him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated December 4, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where, as here, the Board of Trustees of the New York City

Fire Department Article 1-B Pension Fund (hereinafter the Fund) was unable to resolve the issue of causation, resulting in a tie vote, ordinary disability retirement is mandated (*see, Matter of Meyer v Board of Trustees*, 90 NY2d 139, 144-145; *Matter of Wolyniec v Board of Trustees*, 232 AD2d 495; *Matter of City of New York v Schoeck*, 294 NY 559). The determination of the Fund's Medical Board that the petitioner had not established that he was permanently disabled under the Cancer Bill (General Municipal Law § 207-kk) was based on "some credible evidence" (*see, Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761). Although the petitioner was diagnosed in 1982 with renal cancer and subsequently underwent a nephrectomy, medical reports and examinations indicated that he became and remained cancerfree. Further, the petitioner was able to resume full duty and it was not until January of 1994, after he suffered a stroke, that the petitioner was recommended for "light duty".

Further, the issue of whether the petitioner was disabled under the Heart Bill (General Municipal Law § 207-k) is not properly before this Court (*see, Matter of Roggemann v Bane*, 223 AD2d 854; *Matter of Clowry v Town of Pawling*, 202 AD2d 663). In any event, the petitioner has failed to provide any evidence of an underlying heart disease (*see, Matter of Schwarzrock v Board of Trustees*, 238 AD2d 596, 597; *Appleby v Herkommer*, 165 AD2d 727, 729; *Matter of Kreie v Board of Trustees*, 143 AD2d 350).

The petitioner's remaining contentions are without merit. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.