◼ In the Matter of MILTON RUZICKA, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [724 NYS2d 905] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated July 31, 1998, which denied the petitioner's application for an accident disability pension and retired him on ordinary disability, the petitioner appeals from a judgment of the Supreme Court, Kings County (Belen, J.), dated July 19, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner retired from the New York City Fire Department in 1996. The New York City Fire Department Pension Fund Article 1-B Medical Board (hereinafter the Medical Board) concluded, upon review of the medical evidence, that the petitioner was disabled due to ulcerative colitis and discal compression fractures. The petitioner contends that his disability was also due to atrial fibrillation which would allow him to receive additional retirement benefits under General Municipal Law § 207-k. After a series of medical reviews, the Medical Board adhered to its original determination.

The courts cannot weigh the medical evidence or substitute their own judgment for that of the Medical Board if the Medical Board's determination is supported by any credible evidence and is not irrational (*see, Matter of Meyer v Board of Trustees,* 90 NY2d 139; *Matter of Santoro v Board of Trustees,* 217 AD2d 660). The Medical Board made a thoughtful and

comprehensive review of all of the medical evidence before concluding that the petitioner should receive disability only due to ulcerative colitis and his back condition. Since the recommendation of the Medical Board was based upon credible evidence, the reliance of the Board of Trustees on the recommendation and its determination retiring the petitioner on ordinary disability was proper (*see, Matter of Meyer v Board of Trustees, supra; Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756; *Matter of Santoro v Board of Trustees, supra*). Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.