■ In the Matter of STEPHEN J. INGUANTA, Appellant, v BOARD OF TRUSTEES OF NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [756 NYS2d 245] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated April 3, 2001, which determined that the petitioner was not entitled to an accident disability retirement pension, the petitioner appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated January 2, 2002, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The issue of whether a firefighter is disabled is determined by the Medical Board of the New York City Fire Department, Article 1-B Pension Fund (hereinafter the Medical Board). The Medical Board's determination is conclusive if it is supported by any credible evidence and is not irrational (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 145 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756, 760 [1996]; *Matter of Schwarzrock v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 238 AD2d 596, 597 [1997]). Here, the Medical Board referred the petitioner to two outside doctors for independent medical examinations, both of whom concluded that the petitioner was not disabled. In addition, the

record contains several negative diagnostic reports, including a negative magnetic resonance imaging report and a negative electromyograph report. Based on the credible evidence before the Medical Board, its determination was not irrational (*see Matter of Meyer, supra* at 149-150; *Matter of Borenstein, supra* at 760; *Matter of Barnett v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 264 AD2d 840, 841 [1999]; *Matter of Schwarzrock, supra*). Accordingly, the judgment must be affirmed (*see e.g. Matter of Borenstein, supra*; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 60 NY2d 347 [1983]).

The petitioner's remaining contentions are without merit. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.