■ In the Matter of THOMAS SWEETMAN, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [648 NYS2d 996] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated August 4, 1994, which granted the petitioner ordinary disability retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated April 11, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner received ordinary disability retirement benefits, rather than the accident disability retirement benefits which he requested, as a consequence of a tie vote by the members of the respondent board of trustees *(see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of City of New York v Schoeck,* 294 NY 559). Under these circumstances, the denial of accident disability retirements benefits may only be disturbed if it can be concluded as a matter of law from the record that the petitioner is entitled to those benefits *(see, Matter of Canfora v Board of Trustees, supra; Matter of Massari v Board of Trustees,* 213 AD2d 648; *Matter of Flynn v Board of Trustees,* 201 AD2d 730). As the respondents correctly contend, there was conflicting competent and credible medical evidence regarding whether the petitioner suffered from heart disease so as to obtain accident disability retirement benefits pursuant to the presumption set forth in General Municipal Law § 207-k *(see, Matter of Appleby v Herkommer,* 165 AD2d 727; *Matter of Kreie v Board of Trustees,* 143 AD2d 350). Given the existence of the conflicting evidence and expert opinions, it cannot be said as a matter of law that the petitioner should have received accident disability retirement benefits *(see, Matter of Romanelli v Board of Trustees,* 210 AD2d 232). Accordingly, the proceeding was properly dismissed. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.