■ In the Matter of MICHAEL KING, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, et al., Respondents. [703 NYS2d 277] —In a proceeding pursuant to CPLR article 78 to review a determination made by the respondent Board of Trustees of the New York City Fire Department, Article 1-B Pension Fund, dated October 1, 1997, which denied the petitioner accident disability retirement benefits and awarded him ordinary disability retirement benefits, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), entered August 20, 1998, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's request for accident disability retirement (hereinafter ADR) benefits was denied upon a tie vote of the respondent Board of Trustees of the New York City Fire

Department (hereinafter the Board), and he was awarded only ordinary disability retirement (hereinafter ODR) benefits. The petitioner contends that he suffered hearing loss as a result of ear trauma which occurred in two separate service-related incidents. However, his medical records show a progressive hearing loss beginning long before the first incident.

Where, as here, the determination to deny ADR benefits was the result of a tie vote, the Board's determination may only be disturbed if it can be concluded from the record as a matter of law that the petitioner's disability was the natural and proximate result of a service-related accident (*see, Matter of Canfora v Board of Trustees,* 60 NY2d 347; *Matter of Wesarg v Board of Trustees,* 246 AD2d 601; *Matter of Sweetman v Board of Trustees,* 232 AD2d 647). Since there is conflicting credible medical evidence as to whether the hearing loss was indeed the result of injuries occasioned by accidents at work, or merely the natural process of the petitioner's degenerating hearing compounded by years of work in a noisy environment, the petitioner has not established his entitlement to ADR benefits as a matter of law (*see, Matter of Sweetman v Board of Trustees, supra; Matter of Romanelli v Board of Trustees,* 210 AD2d 232). Accordingly, the proceeding was properly dismissed. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.