In the Matter of JOHN FURLONG, Appellant, v HOWARD SAFIR et al., Respondents. [743 NYS2d 862] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 17, 2000, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination of respondent Board of Trustees of the Police Pension Fund denying petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

Where, as here, accident disability retirement benefits are denied by the Board of Trustees as a consequence of a tie vote, "the reviewing court may not set aside the Board of Trustees' denial * * * unless 'it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident'" (*Matter of Meyer v Board of Trustees*, 90 NY2d 139, 145, quoting *Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352). Such a determination can be made "[o]nly where the circumstances allow but one inference" (*Matter of Guidal v Board of Trustees*, 275 AD2d 458, 458). Accordingly, because the record evidence permits the inference that petitioner's hearing loss was caused by factors other than service-related accidents, the IAS court properly left the Board of Trustees' determination undisturbed (*see, e.g., Matter of King v Board of Trustees*, 269 AD2d 597, 598).

We have considered petitioner's remaining arguments and

find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.