Petitioner failed to demonstrate as a matter of law that her injury was the result of an accident, i.e., a sudden, unexpected, out of the ordinary event, rather than a misstep during the routine performance of her job (see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010 [1982]; Matter of Doyle v Kelly, 8 AD3d 125 [1st Dept 2004]). She was injured when she tripped over computer wires extending across the threshold of the doorway between the precinct’s female supervisors’ locker room and the bathroom. In statements made contemporaneously with the accident, she indicated that the wires were “exposed.” Two years *562 later, she submitted a statement indicating that the wires had initially been secured to the floor with duct tape and that the tape was removed on the day she fell. Respondents were entitled to credit petitioner’s contemporaneous account and reject her more recent statement that the condition of the wires changed on the day of the accident (see Matter of Bisiani v Kelly, 39 AD3d 261 [1st Dept 2007]). Respondents reasonably inferred that, since the wires had been in place for several months before petitioner’s fall, she must have been aware of them and routinely stepped over them. Concur — Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.