■ In the Matter of DIANA TORRES, Respondent, v RAYMOND KELLY et al., Appellants. [958 NYS2d 117]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered April 13, 2011, which, to the extent appealed from as limited by the briefs, granted the petition to annul respondents' determination denying petitioner accident disability retirement (ADR) benefits and directed respondents to retire petitioner with ADR benefits retroactive to the date of petitioner's retirement, unanimously reversed, on the law, without costs, the order and judgment vacated, and the matter remanded to respondent Board of Trustees for further proceedings in accordance herewith. Appeal from order and judgment (one paper), same court and Justice, entered October 12, 2011, which, to the extent appealed from as limited by the briefs, upon reargument, adhered to its original determination, unanimously dismissed, without costs, as academic.

Petitioner, a member of the New York City Police Department, applied for ADR benefits based on two incidents—one occurring on February 23, 2003, on her way to work, and the other occurring on October 10, 2003, while at the New York County District Attorney's Office for a court appearance. In February 2009, petitioner applied for ADR benefits.

The Board of Trustees, in a tie vote, denied petitioner ADR benefits based on the Medical Board's findings that the February 2003 incident was the sole cause of petitioner's injuries and the Board of Trustees' conclusion that petitioner was not in city service at the time of the incident (*see* Administrative Code of City of NY § 13-252).

Petitioner brought the instant CPLR article 78 proceeding seeking to set aside the Board of Trustees' determination. The court observed that the Medical Board's report concluded that petitioner was disabled because of her injuries from the February 2003 incident, without considering whether the October 2003 incident aggravated a preexisting condition, and that the report, therefore, lacked credible evidence of the cause of petitioner's disability. The court further concluded that the Board of Trustees relied on the Medical Board's report and considered only the February 23, 2003 incident, thus failing to consider whether petitioners' disabilities "were caused by the line-of-duty incident of October 10, 2003."

Rather than remanding, the court concluded as a matter of law that the October 2003 incident precipitated and/or aggravated petitioner's disability and ordered that ADR benefits be granted.

On appeal, respondents do not challenge the court's finding that the October 2003 incident caused petitioner's disability. Accordingly, the sole issue on appeal is whether the court should have remanded the case to the Board of Trustees to determine whether the October 2003 incident was an "accident" pursuant to Administrative Code § 13-252 (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *see also Matter of Lang v Kelly*, 101 AD3d 561 [1st Dept 2012]; *Matter of Rosenthal v Board of Trustees of N.Y. City Police Pension Fund, Art. II*, 252 AD2d 388, 388-389 [1st Dept 1998], *lv denied* 93 NY2d 801 [1999]).

The Board of Trustees' determination was based solely on the February 2003 incident. The Board made no determination regarding the October 2003 incident, and it cannot be said that there is a complete factual record regarding the circumstances of the October 2003 incident. Therefore, on this record, the reviewing court should not have determined, as a matter of law, that the October 2003 incident was an accident and that petitioner was thus entitled to ADR benefits (*see Matter of Furlong v Safir*, 295 AD2d 248, 248 [1st Dept 2002] [a determination as a matter of law can be made "(o)nly where the circumstances allow but one inference" (internal quotation marks omitted)]).

Accordingly, the case is remanded to the Board of Trustees so that it may assess the available evidence and determine whether the October 2003 incident was an accident pursuant to Administrative Code § 13-252 (*see Matter of Agnelli v Kelly*, 96 AD3d 471, 472-473 [1st Dept 2012]; *Matter of Kelly v Board of Trust-*

*ees of Police Pension Fund, Art. II*, 47 AD2d 892, 893 [1st Dept 1975]). Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30580(U).]**